**GREENBERG TRAURIG, LLP**
Karin L. Bohmholdt (SBN CA 234929)
bohmholdtk@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Petitioners,
Morgan Stanley Smith Barney LLC and
Morgan Stanley Smith Barney Financing LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC and MORGAN STANLEY SMITH BARNEY FINANCING LLC, <br><br> Petitioners, <br><br> vs. <br><br> HENRY CHANG, individually, <br><br> Respondent. | Case No. 2:25-CV-04359-AH-RAOx <br><br><br> **FINDINGS AND FINAL JUDGMENT CONFIRMING ARBITRATION AWARD   [JS-6]** <br><br> **[9 U.S.C. § 9]** |

FINDINGS AND FINAL JUDGMENT CONFIRMING ARBITRATION AWARD

On May 14, 2025, Morgan Stanley Smith Barney LLC ("MSSB") and Morgan Stanley Smith Barney Financing LLC ("MSSB Financing") filed their Petition to Confirm Arbitration Award of June 18, 2024 ("Award") issued by FINRA Dispute Resolution Services ("FINRA DRS") against Henry Chang ("Chang") and in favor of MSSB and MSSB Financing pursuant to 9 U.S.C. § 9. The Court makes the following findings:

1.    The parties entered into a valid and enforceable arbitration agreement for the arbitration of disputes, specifically pursuant to the terms of six Promissory Notes executed by Chang: a Promissory Note dated October 20, 2015; a Promissory Note dated August 23, 2016; a Promissory Note dated February 16, 2017; a Promissory Note dated November 17, 2017; a Promissory Note dated November 19, 2018; and a Promissory Note dated January 25, 2019 (collectively, the "Notes"). The dispute concerned Chang's failure to repay the outstanding balances of the Notes following the conclusion of his employment with MSSB as a financial advisor in Pasadena, California, and the matter was properly submitted to arbitration before FINRA DRS;

2.    MSSB and MSSB Financing filed a Statement of Claim with FINRA DRS on or about April 14, 2021, commencing FINRA DRS Arbitration Case No. 21-01022. Chang filed his Statement of Answer and Counterclaim on or about July 9, 2021, and an Amended Statement of Answer and Counterclaim on or about August 20, 2021. All parties executed Submission Agreements, consenting to the jurisdiction of FINRA DRS and the binding nature of the arbitration proceedings;

3.    A three-member panel was appointed, consisting of Kirtley M. Thiesmeyer (Public Arbitrator, Presiding Chairperson), Daniel Lawrence Pearlman (Public Arbitrator), and Mario H. Metzger (Non-Public Arbitrator). The Panel conducted pre-hearing conferences on September 20, 2023 and January 31, 2024, and held a hearing session on May 3, 2024 in Los Angeles, California. Despite having been duly noticed, Chang failed to appear at the May 3, 2024 hearing;

FINDINGS AND FINAL JUDGMENT CONFIRMING ARBITRATION AWARD

4.      An Arbitration Award was duly issued unanimously by the Panel on June 18, 2024, in FINRA DRS Case No. 21-01022, and the Award has not been vacated, modified, or corrected;

5.      The deadline to move to vacate the Award pursuant to 9 U.S.C. § 12 expired on September 18, 2024, and no such application was timely made. The Court has reviewed the Award and based upon the record presented, finds no basis to vacate, modify, or correct it under 9 U.S.C. §§ 10 or 11. No party has challenged the Award on any ground nor has any party sought modification or correction of the Award;

6.      Following the filing of the Petition, Petitioners made diligent but unsuccessful efforts to personally serve Chang at his last known address and otherwise.  Thus, on January 26, 2026, the Court granted Petitioners' Motion for Substitute Service and Extension of Time to Serve Respondent Henry Chang (Dkt. 18), finding that Petitioners had exercised reasonable diligence in attempting to personally serve Chang, that personal service was impracticable, and that substitute service was appropriate under either subsection (e) or (f)(3) of Rule 4 of the Federal Rules of Civil Procedure;

7.      Pursuant to the Court's January 26, 2026, Order, the Court authorized substitute service on Chang through specified methods, and Petitioners subsequently complied with each of the substitute service methods and filed proof of service thereof. Therefore, Petitioners fully complied with the Court's January 26, 2026 Order regarding substitute service, substitute service on Chang was properly and timely effectuated, and the methods employed were reasonably calculated to provide Chang with actual notice of this action; and

8.      Chang has not appeared in this action, has not filed any opposition to the Petition, and has not otherwise contested the confirmation of the Award.

GOOD CAUSE APPEARING, the Court hereby GRANTS MSSB and MSSB Financing's Petition, confirms the Award, and enters Final Judgment against Chang and in favor of MSSB and MSSB Financing. The Award is attached hereto as **Exhibit A** and is

incorporated in full by reference. As ordered in the arbitrators' Award, Chang shall pay MSSB and MSSB Financing:

     a.  compensatory damages in the amount of $1,349,470.38;

     b.  interest at the rate of $180.71 per day accruing from March 4, 2024 until the Award is paid in full;

     c.  attorneys' fees in the amount of $164,884.73;

     d.  costs in the amount of $2,614.53; and

     e.  the non-refundable portion of the filing fee previously paid by MSSB to FINRA DRS in the amount of $2,000.00.

In addition, Chang is liable for and shall pay MSSB and MSSB Financing's attorneys' fees and costs incurred in confirming the Award in an amount to be proven by motion.

IT IS SO ORDERED.

DATED: MAY 18,2026



ANNE HWANG

United States District Judge

4

FINDINGS AND FINAL JUDGMENT CONFIRMING ARBITRATION AWARD